**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

JOHN DAVID COE, ADC # 652804                                                    PLAINTIFF

v.                                        1:15CV00037-JLH-JJV

DAVID WHITE, Warden,
North Central Unit, ADC; *et al.*                                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon

Holmes. Any party may serve and file written objections to this recommendation.  Objections should

be specific and should include the factual or legal basis for the objection.  If the objection is to a

factual finding, specifically identify that finding and the evidence that supports your objection.  An

original and one copy of your objections must be received in the office of the United States District

Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The

copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver

of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence to be proffered at the new hearing (if such a  hearing is granted)

was not offered at  the hearing before the Magistrate Judge.

3.       The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

## I.     INTRODUCTION

John David Coe ("Plaintiff") is an inmate of the Arkansas Department of Correction

("ADC") North Central Unit.  He filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging

that Defendant Rick Gillespie[1] violated his rights under the Religious Land Use and Institutionalized

Person Act ("RLUIPA") when he forced Plaintiff to shave his beard.  (Doc. No. 2 at 4.)  Now,

Defendant Gillespie has motioned for summary judgment, arguing that Plaintiff failed to exhaust his

administrative remedies prior to filing this action against him.  (Doc. No. 20.)  Plaintiff has

responded (Doc. Nos. 25-26) and the matter is ripe for disposition.

## II.    STANDARD FOR SUMMARY JUDGMENT

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if

the pleadings, depositions, answers to interrogatories and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317,

321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in

a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th

---

[1]Plaintiff initially named four Defendants to this action. (Doc. No. 2.) All but Defendant
Gillespie were dismissed. (Doc. No. 23.)

Cir. 2002).   The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).   The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).   A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.   ANALYSIS

Defendant Gillespie argues dismissal of this action is appropriate because Plaintiff failed to exhaust his administrative remedies before filing this lawsuit.  He also argues that Plaintiff's official capacity claims are barred by sovereign immunity and, lastly, that he is entitled to qualified immunity.  For his part, Plaintiff raises two exhaustion arguments.  In his Complaint, he argued that he was not required to exhaust administrative remedies because this is not a "new" action.  (Doc. No. 2 at 6.)[2]  Now, pursuant to his Response, he contends that Defendant Gillespie prevented him from exhausting his administrative remedies by ordering him to destroy an unresolved grievance.  (Doc. No. 26 at 3.)[3]  For the reasons stated hereafter, the Court finds that Plaintiff failed to exhaust his administrative remedies and that this action should be dismissed without prejudice.  In so doing, the Court finds it unnecessary to reach Defendant Gillespie's other arguments.  *See Barbee v.*

---

[2]Plaintiff is referring to the United States Supreme Court's decision in *Holt v. Hobbs*, which held that the ADC's policy of preventing an inmate from growing a short, religiously motivated beard violated RLUIPA. 135 S. Ct. 853, 866-867 (2015).

[3]Plaintiff does not state whether he complied with this order.

*Correctional Medical Services*, 394 Fed. Appx. 337, 338 (2010) ("Once the court determined that the claims were unexhausted, it was required to dismiss them without prejudice.").

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to: (1) fully and properly exhaust their administrative remedies as to each claim in the complaint; and (2) **complete the exhaustion process prior to filing an action in federal court.**  *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ; *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000) (emphasis added).  Importantly, the Supreme Court has emphasized that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Jones,* 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits").  Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility. *Id.*

Here, Defendant Gillespie provides the affidavit of Terri Brown, ADC grievance coordinator, who states that Plaintiff did not exhaust any grievance related to his facial hair in either 2014 or 2015.  (Doc. No. 22-5.)  As noted above, Plaintiff does not contend that he did exhaust. Rather he argues that (1) he was not required to insofar as this action is not "new", and (2) that Defendant

Gillespie prevented him from doing so.

Plaintiff's first argument should be rejected. That the immediate case is similar to *Holt v. Hobbs* does not excuse Plaintiff from his responsibility to exhaust his administrative remedies. Notably, Plaintiff was not a party to *Holt v. Hobbs* and this action is undisputedly separate from Mr. Holt's case.  The PLRA evinces a clear intent to afford prison officials the opportunity to address each inmate's claims prior to the filing of any federal suit.  Neither the Act nor the ADC's specific policies carve out any exhaustion exemptions for actions which are substantially similar to previously filed cases.[4] As such, Plaintiff was required to present his specific claims to prison officials through the grievance process and to fully exhaust them in compliance with ADC policy.

Plaintiff's claim that Defendant Gillespie prevented him from exhausting by ordering him to destroy an unresolved grievance is also insufficient to stave off summary judgment.  Critically, Plaintiff has not provided any evidence or factual context which would support this allegation.  *See Gardner v. Howard*, 109 F.3d 427, 430-31 (8th Cir. 1997) (unsupported assertions in an affidavit are insufficient to defeat a summary judgment motion); *see also Barber v. C1 Truck Driving Training, LLC*, 656 F.3d 782, 801 (8th Cir. 2011) (non-moving party must support allegations with enough probative evidence to permit finding in his favor).  If Plaintiff has any evidence which would corroborate this allegation, he may submit it with his objections to this recommendation.

Finally, the Court notes that Plaintiff was given permission to amend his Complaint on April 17, 2015. (Doc. No. 17.)  To date, Plaintiff has not submitted his Amended Complaint.  If any new allegations contained in that pleading are relevant to the issue of exhaustion, he may reference them in his objections.

---

[4]Taken to its logical extreme, Plaintiff's argument would allow any inmate to circumvent exhaustion requirements by claiming that his complaint was not "new" insofar as it hewed closely to a previously filed action.

## IV.      CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.      Defendant Rick Gillespie's Motion for Summary Judgment (Doc. No. 20) be GRANTED.

2.      Defendant Rick Gillespie be DISMISSED without prejudice.

3.      Plaintiff's Motion to Object to the Exclusion of Defendant Patrick McCown (Doc. No. 28) be DENIED as moot.

4.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

DATED this 6th day of May, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE