**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

JOHN DAVID COE, ADC # 652804 PLAINTIFF

v. 1:15CV00037-JLH-JJV

DAVID WHITE, Warden,
North Central Unit, ADC; *et al.* DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I. INTRODUCTION

On May 6, 2015, I recommended granting Defendants' Motion for Summary Judgment (Doc. No. 20) due to Plaintiff's failure to exhaust administrative remedies. (Doc. No. 29.) Plaintiff then filed objections and new evidence which, he asserts, is sufficient to overcome the Motion for Summary Judgment. (Doc. Nos. 40, 43, 44.) Given Plaintiff's new information, this matter has been referred to me to determine: (1) whether the new evidence is sufficient to overcome Defendants' Motion for Summary Judgment (Doc. No. 20); and (2) whether Plaintiff's subsequently filed Amended Complaint (Doc. No. 32) states any viable claims against Defendants Eddie Selvey and Patrick McCowan, both of whom were previously dismissed. (Doc. No. 46.)[1] After review of the evidence, for the following reasons, I now conclude that it would be improper to dismiss this action on the basis of failure to exhaust administrative remedies. I also find that Defendant Gillespie is entitled to qualified immunity and Plaintiff's Amended Complaint (Doc. No. 32) does not state any claims against Defendants Selvey and McCowan upon which relief may be granted.

### II. STANDARD FOR SUMMARY JUDGMENT

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if

---

[1]In light of this referral, I will reconsider Defendants' Motion for Summary Judgment (Doc. No. 20) in its entirety.

the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III. ANALYSIS

### A. Exhaustion of Administrative Remedies

In his Motion for Summary Judgment, Defendant Gillespie argues that dismissal of this action is appropriate because Plaintiff failed to exhaust his administrative remedies before filing this lawsuit. (Doc. No. 21 at 4-6.) In response, Plaintiff raised two exhaustion arguments, namely that: (1) he was not required to exhaust administrative remedies because this is not a "new" action; and (2) that Defendant Gillespie prevented him from exhausting his administrative remedies by ordering him to destroy an unresolved grievance and issuing veiled threats that some misfortune would befall Plaintiff if he made further efforts to exhaust. (Doc. Nos. 26 at 3 & 40 at 2.) Defendant Gillespie

has responded to Plaintiff's objections by denying any interference with grievance process and arguing that, even if such interference occurred, Plaintiff was still required to proceed by filing a formal grievance. (Doc. No. 45 at 3-4.)

1. Plaintiff's first argument - that this action is not "new" and, as such, administrative exhaustion is not required is rejected. The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006). Neither the PLRA nor Arkansas Department of Correction ("ADC") policy indicates any intent to limit exhaustion requirements to novel prisoner complaints.

2. Plaintiff's second exhaustion argument is more compelling. Whether Defendant Gillespie interfered with the grievance procedure or threatened Plaintiff for attempting exhaustion is disputed by the parties. At this stage, however, a court must weight the allegations in favor of the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). Additionally, failure to exhaust is an affirmative defense which the defendant has the burden of proving. *See Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam). Here, Plaintiff has raised a genuine issue of fact as to whether Defendant Gillespie interfered with his ability to complete mandated exhaustion procedures by returning his grievance and threatening him. *See Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (Inmates are excused from complying with grievance procedures where "officials

have prevented prisoners from utilizing the procedures, . . . or when officials themselves have failed to comply with the grievance procedures.”). As such, dismissal for failure to exhaust is unwarranted at this time.

**B. Qualified Immunity**

Qualified immunity protects officials who acted in an objectively reasonable manner and shields a government official from liability when his or her conduct does not violate “clearly established statutory or constitutional rights of which a reasonable person would have known.” *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is “an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.”).

To determine whether defendants are entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[2] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522,

---

[2]Courts are “permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.” *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

528 (8th Cir. 2009).

Here, Defendant Gillespie argues that he is entitled to qualified immunity because Plaintiff's right to grow a beard was not clearly established at the time of the alleged violation. (Doc. No. 21 at 8.) The Court agrees. Administrative Directive 15-04 "Personal Grooming and Cleanliness for Inmates" went into effect on February 6, 2015. (Doc. No. 22-2.) The directive allows Plaintiffs to apply for a religious accommodation if they believe the grooming policy would burden a sincerely held religious belief. (*Id*. at 2.) Plaintiff alleges that Defendant Gillespie ordered him to shave his beard on February 11, 2015, after he had applied for a religious accommodation. (Doc. No. 32 at 3.) Plaintiff was not granted a religious accommodation until February 18, 2015, however. (Doc. No. 22-6.) Based on the established time line, I conclude that a reasonable official would not have known that ordering Plaintiff to shave on February 11, 2015, prior to his being granted an official accommodation, was unlawful. Notably, "[t]he determination of whether an officer is entitled to qualified immunity requires consideration of the objective legal reasonableness of the officer's conduct in light of the information he possessed at the time of the alleged violation." *Winters v. Adams*, 254 F.3d 758, 766 (8th Cir. 2001) (internal quotations omitted). Defendant Gillespie complied with explicit ADC policy when he ordered Plaintiff to shave.[3] Based on the foregoing, I conclude that Defendant Gillespie's actions did not violate Plaintiff's clearly established rights, and he is entitled to qualified immunity on that basis.

---

[3]The United States Supreme Court handed down its *Holt v. Hobbs* decision on January 20, 2015. 135 S. Ct. 853, 866-867 (2015). That ruling was narrowly tailored and held that the ADC grooming policy violated petitioner's rights by denying him permission to grow a half-inch religiously motivated beard. *Id*. at 867. The ADC-wide grooming policy at issue here was promulgated after the *Holt* decision issued. Defendant Gillespie would, therefore, have been required to undertake his own legal analysis of emergent case law to reach a conclusion opposite policy. It was not reasonable to expect him to undertake this task.

**C. Plaintiff's Amended Complaint**

Plaintiff filed his Amended Complaint (Doc. No. 32) after my recommendation that this action be dismissed. (Doc. No. 29.) Now, it is my task to determine whether the new complaint states any actionable claims against Defendants Selvey and McCowan. (Doc. No. 46.) I find that it does not.

In his Amended Complaint, Plaintiff alleges that Defendants Selvey, McCowan, Gillespie, and "other unnamed as of yet staff" have retaliated against him for filing this lawsuit. (Doc. No. 32 at 4.) He also alleges that Defendant McCowan altered grievance forms and incident reports and, in so doing, violated ADC policy. (*Id*. at 3.) Lastly, he vaguely alleges that Defendants Selvey and McCowan also violated his rights under RLUIPA. (*Id*. at 5.)

First, I find that Plaintiff's retaliation claims are unrelated to his initial RLUIPA claims and it would be inappropriate to allow these distinct causes of action to proceed in a single suit. *See* Fed. R. Civ. P. 20(a)(2) (stating that allegations against multiple parties must arise out of the same transaction or occurrence.)[4] If Plaintiff wishes to pursue these claims, he must file a separate suit. Next, Plaintiff's allegations that Defendant McCowan violated ADC policy do not state an actionable claim. It is well established that there is no section 1983 liability for violating prison policy. *See Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997). Finally, Plaintiff has failed to raise any plausible allegations that Defendants Selvey and McCowan violated his rights under RLUIPA. The lone allegation against Defendant Selvey is that he failed to exercise his supervisory authority to stop the aforementioned retaliation. (Doc. No. 32 at 4.) Plaintiff's allegations against

---

[4]Plaintiff alleges that the retaliation stems from the filing of this suit. (Doc. No. 32 at 4.) Although exhaustion is an affirmative defense that Defendants must raise, these claims would be short-lived if they were to proceed in this case, as it would be impossible for Plaintiff to have exhausted them prior to filing this action.

Defendant McCowan reference tampering with his grievances, but this does not state a viable claim under the Constitution or RLUIPA. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (prison grievance procedure does not confer any substantive rights to inmates).

Based on the foregoing, Plaintiff's Amended Complaint fails to state any additional claims which are appropriate for prosecution in this action.

**IV. CONCLUSION**

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendant Rick Gillespie's Motion for Summary Judgment (Doc. No. 20) be GRANTED.

2. Plaintiff's Religious Land Use and Institutionalized Persons Act and free exercise claims against Defendant Rick Gillespie be DISMISSED with prejudice.

3. All other claims in Plaintiff's Amended Complaint (Doc. No. 32) be DISMISSED without prejudice.

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

DATED this 24th day of June, 2015.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE